**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy: Cathy Pearson | Date: March 6, 2015 |
| Court Reporter: Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer: n/a | |

**CASE NO.   14-cr-00016-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Jeremy Sibert |
| Plaintiff, | |
| v. | |
| 1.   MAURICE ALYN MICKLING, | Dana Casper |
| Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION:**     1:47 p.m.
Appearances of counsel.   Defendant is present and in custody.

Jury verdict of guilty was entered August 27, 2015, on to Counts 1, 2, and 3 of the Indictment.

Discussion held regarding Defendant's Motion for Downward Departure (Doc. 109, filed 1/12/15).

Court's findings.

**ORDERED:**   Defendant's Motion for Downward Departure (Doc. 109, filed 1/12/15) is DENIED.

Argument given and discussion held regarding Defendant's Motion for Non-Guideline or Variant Sentence Pursuant to 18 U.S.C. § 3553(a) [Doc. 110, filed 1/12/15].

Counsel for Defendant and counsel for the Government address the Court regarding sentencing.

Kiana Mickling and Frances Mickling address the Court.

Defendant addresses the Court regarding sentencing.

Court's findings.

**ORDERED:** Defendant's Motion for Non-Guideline or Variant Sentence Pursuant to 18 U.S.C. § 3553(a) [Doc. 110, filed 1/12/15] is GRANTED in part, to the extent the motion seeks a variance.   However, the Court does not impose the sentence requested in the motion.

Statement by the Court regarding defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Maurice Alyn Mickling, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a **term** of **120 months as to Count 1; 12 months as to Count 2, to be served consecutively to Count 1; and 60 months as to Count 3, to be served consecutively to Counts 1 and 2.   The total term of incarceration is 192 months.**

Court RECOMMENDS that the defendant be placed at FCI in Florence, Colorado.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **four (4)** years.   This term consists of **four (4)** years as to Counts 2 and 3 and a term of **three (3)** years as to Count 1; all terms shall run concurrently.

**ORDERED: Conditions** of Supervised Release that:
   (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
   (**X**)   Defendant shall not commit another federal, state or local crime.
   (**X**)   Defendant shall not illegally possess controlled substances.
   (**X**)   Defendant shall not possess a firearm or destructive device.
   (**X**)   Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
   (**X**)   Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

    (**X**)    Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall participate in and successfully complete a program of testing and treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.   Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.   Defendant will be required to pay the cost of treatment as directed by the probation officer.
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, and/or fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.
- (**X**) Defendant shall submit his or her person, property, house, residence, papers, or office, to a search conducted by a United States probation officer.   Failure to submit to search may be grounds for revocation of release.   Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.   Any search must be conducted at a reasonable time and in a reasonable manner.

**ORDERED:**   Defendant shall pay **$300** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**   **No fine** is imposed because defendant has no ability to pay a fine.

Defendant advised of right to appeal.

**ORDERED:**   Any notice of appeal must be filed within 14 days.

**ORDERED:**   Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:**     3:38 p.m.
Hearing concluded.
Total time:              1:51